UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT BYRON LEE,

    Petitioner,

v.

MARGERT GILBERT,

    Respondent.

CASE NO. 3:17-CV-05002-BHS-JRC

ORDER

Before the Court is petitioner's motion for a free copy of the petition (Dkt. 11) and motion to disqualify respondent (Dkt. 12). The Court denies both motions.

**1. Motion for Copy of Petition (Dkt. 11)**

Petitioner asks the Court for a free copy of his petition and memorandum. Dkt. 11. Petitioner alleges that he was not able to see the electronic file that was filed with the Court. *Id.* Petitioner alleges that he needs to make sure that the petition was not altered and that it was properly filed, and that he has had trouble in the past with staff trying to impede his appeal process.

To receive copies from the Court, the requesting party must pay $0.50 per page. As plaintiff has not provided the necessary payment, his motion for copies is denied. Petitioner is also advised that it is his responsibility to keep copies of any of his own pleadings and legal

ORDER - 1

1  documents. Plaintiff's motion for copies (Dkt. 11) is denied. The Clerk's Office is directed to
2  send petitioner copies of the Court's fee schedule and the copying charge letter.
3      To the extent that petitioner is alleging that prison staff are interfering with his access to
4  the courts, he must file a separate civil rights complaint under 42 U.S.C. § 1983. A federal
5  habeas petition is the proper mechanism "to challenge the 'legality or duration' of
6  confinement." *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (citing *Preiser v. Rodriquez*,
7  411 U.S. 475, 493 (1973)); *see also; Sisk v. CSO Branch*, 974 F.2d 116, 117 (9th Cir. 1992).
8  "A civil rights action, in contrast, is the proper method of challenging 'conditions of . . .
9  confinement.'" *Badea*, 931 F.2d at 574 (citing *Preiser*, 411 U.S. at 498-99). The Clerk's Office
   is directed to send petitioner a copy of the appropriate forms for filing a 42 U.S.C. 1983 civil
10 rights complaint and for service.

11 **2. Motion to Disqualify Respondent (Dkt. 12)**

12     On January 24, 2017, the Court directed service of the petition and directed the Clerk to
13 substitute Margaret Gilbert for the State of Washington as respondent. Dkt. 8. Petitioner now
14 moves for the Court to disqualify Margaret Gilbert as respondent. Dkt. 12. Petitioner alleges that
15 he has shot and/or stabbed over 200 Department of Corrections' employees and that due to a
16 conflict of interest, respondent should be disqualified. *Id.*

17     As the Court stated in its January 24, 2017 Order, Dkt. 8, the proper respondent to a
18 habeas petition is the "person who has custody over [the petitioner]." 28 U.S.C. § 2242; see also
19 § 2243; *Brittingham v. United States*, 982 F.2d 378 (9th Cir. 1992); *Dunne v. Henman*, 875 F.2d
20 244, 249 (9th Cir. 1989). According to his petition, petitioner is currently incarcerated at Stafford
21 Creek Corrections Center, *see* Dkt. 7, and the superintendent of that facility is Margaret Gilbert.
22     Petitioner has not identified any legitimate conflict of interest relating to respondent.
23 Moreover, petitioner must name a natural person as the respondent -- not a governmental entity.
24

ORDER - 2

1 | Failure to name the correct party deprives this Court of personal jurisdiction. *See Stanley v.*
2 | *California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).
3 |      To the extent that petitioner seeks to disqualify respondent's counsel, no attorney has
4 | entered an appearance on behalf of respondent. *See* Dkt. In addition, petitioner is advised that
5 | generally, " 'courts do not disqualify an attorney on the grounds of conflict of interest unless the
6 | former client moves for disqualification.' " *Kasza v. Browner,* 133 F.3d 1159, 1171 (9th Cir.
7 | 1998) (quoting *United States v. Rogers,* 9 F.3d 1025, 1031 (2d Cir. 1993) (internal quotations
8 | omitted)). Plaintiff has not identified any possible prejudice or conflict of interest relating to the
9 | representation of respondent. Plaintiff's motion to disqualify (Dkt. 12) is denied.
10 |      Dated this 27th day of February, 2017.

                                       J. Richard Creatura
                                       United States Magistrate Judge