UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT BYRON LEE, <br><br> Petitioner, <br><br> v. <br><br> MARGARET GILBERT, <br><br> Respondent. | CASE NO. C17-5002 BHS <br><br> ORDER ON REVIEW OF REFUSAL TO RECUSE |

This matter comes before the Court on Petitioner's motion to recuse U.S. Magistrate Judge J. Richard Creatura. Dkt. #34. Upon review of the motion, Judge Creatura declined to recuse himself. Dkt. #39. In accordance with the Local Rules of this District, Petitioner's motion was referred to the Undersigned for a review of Judge Creatura's refusal to recuse. LCR 3(e).

Petitioner bases his motion to recuse on what he describes as Judge Creatura's "poor judgment when I was a theft victim by Document No. 20 being stolen in his order last." He also alludes to "staff misconduct by Document No. 31." Dkt. #34-1 at 2. The two docket numbers he refers to are notices from the Ninth Circuit Court of Appeals regarding an appeal he filed which was ultimately dismissed for lack of jurisdiction. Petitioner makes no allegations (and this Court is at a loss to understand) as to what Judge Creatura did in regards to either of those appellate court communications that somehow reflects his "poor judgment," or how that establishes evidence of impartiality or bias.

ORDER ON REVIEW OF REFUSAL TO RECUSE- 1

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id*. at 555.

Petitioner cites no reasons or evidence in support of his allegation that Judge Creatura has exhibited "poor judgment," nor how Judge Creatura's conduct reflects in any way some sense of bias or prejudice as regards Petitioner. This is completely insufficient to form the basis of a valid request for recusal.

The Court finds no evidence upon which to reasonably question Judge Creatura's impartiality and AFFIRMS his denial of Petitioner's request that he recuse himself.

ORDER ON REVIEW OF REFUSAL TO RECUSE- 2

The Clerk SHALL provide copies of this order to Petitioner and to all counsel of record.

DATED this 29th day of June, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE